UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES – GENERAL

Case No. 2:26-cr-00279-FLA-2 Date: July 17, 2026

Present: The Honorable Margo A. Rocconi, United States Magistrate Judge

Interpreter: N/A

| Erica Valencia | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Assistant U.S. Attorney |

| U.S.A. v. Jaidyn Steinberg | Present | Cust | Bond | Attorney(s) for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| N/A | | | | N/A | | | |

**Proceedings: (IN CHAMBERS) ORDER RE: BAIL REVIEW**

Before the Court is an Application for Review or Reconsideration of Order Setting Conditions of Release or Detention ("Application") filed by Defendant Jaidyn Steinberg ("Ms. Steinberg"). The Government opposes the Application and pretrial services continues to recommend detention. The Court **DENIES** the Application for bond.

## I.
## SUMMARY/BACKGROUND

On May 5, 2026, a grand jury returned an indictment charging Ms. Steinberg with conspiracy to commit sex trafficking through force threats of force, fraud, or coercion in violation of 18 U.S.C. § 1594(c) and sex trafficking through force, threats of force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1), as well as an aiding and abetting charge under 18 U.S.C. § 2. Ms. Steinberg was arrested on May 14, 2026 and the criminal action against her commenced. Dkt. 24. Ms. Steinberg made her initial appearance the following day, at which the Government's request for detention was continued and the previously-assigned Magistrate Judge ordered Ms. Steinberg temporarily detained. Dkts. 24, 25, 28. On May 15, 2026, the court held a contested detention hearing pursuant to 18 U.S.C. § 3142(f)(2) and took the matter under submission. Dkts. 29, 42. Approximately two weeks later, on May 29, 2026, the previously-assigned Magistrate Judge ordered Ms. Steinberg detained pursuant to 18 U.S.C. § 3142(e)(1) because there were no conditions or combination of conditions that would reasonably assure the safety of the community or Ms. Steinberg's appearance. Dkt. 42.

On June 29, 2026, Ms. Steinberg filed the current Application to present new information to this Court.[1] Dkt. 50. Ms. Steinberg filed a Memorandum in Support of Pretrial Release on July 7, 2026. Dkt. 53. That same day, the government filed a revised Request for Detention, indicating that a presumption of detention applies because Ms. Steinberg is charged with a violation of 18 U.S.C. §1591. Dkt. 54. This Court held a hearing on July 8, 2026, and took the matter under submission. Dkt. 62. Ms. Steinberg then filed a Supplement. Dkt. 101. For the reasons set forth below, the Court **DENIES** the Application.

///

[1] The instant Application for Reconsideration was set before the undersigned following the retirement of the previously-assigned Magistrate Judge.

## II.
## DISCUSSION

As an initial matter, is not clear to the Court that all of the ostensibly new information Ms. Steinberg has presented to the Court was not known to her at the time of the previous detention hearing. See 18 U.S.C. § 3142(f). Although Ms. Steinberg's parents have now confirmed that they can post an appearance bond secured by the equity in their home, similar information was presented earlier, albeit with a \$100,000 bond and an equity estimate of \$150,000 rather than the \$200,000 now put forth. The court nevertheless denied bond, notwithstanding those available resources. The Court notes, however, that the factors previously indicating danger to the community included state criminal charges against Ms. Steinberg, which have now been dismissed. Ms. Steinberg has also put forth new information about the availability of inpatient mental health treatment.

Nevertheless, the Government is entitled to a presumption of detention because Ms. Steinberg is charged with a violation of 18 U.S.C. §1591. 18 U.S.C. § 3142(e)(3)(E). The Government opposes release on dangerousness grounds, citing Ms. Steinberg's mental health issues and alleged stabbing of an alleged sex trafficking victim. The Pretrial Services Agency also continues to recommend detention due to risk of danger to the community.

The Court finds that Ms. Steinberg has failed to meet her burden to rebut the Government's detention presumption, particularly with respect to the risk of danger to the community. To determine whether there are conditions of release that will reasonably assure Defendant's future appearance and the community's safety, the Court considers all pertinent and available information regarding the factors set forth in § 3142(g). These factors include: (1) "the nature and circumstances of the offense"; (2) "the weight of the evidence"; (3) a defendant's "character," "physical and mental condition," family and community ties, "employment," "financial resources," "length of residence," "past conduct," history of alcohol or substance abuse, "criminal history," and record of making court appearances; (4) whether the defendant was on probation, parole, or supervised release at the time of the offense; and (5) "the nature and seriousness of the danger to any person or the community" posed by the defendant's release. 18 U.S.C. 3142(g)(1)–(4). "The weight of the evidence is the least important of these factors." United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).

The nature and circumstances of the alleged offenses are serious. Ms. Steinberg's co-defendant allegedly ordered a sex trafficking victim to follow a series of rules related to her sex work, including an order not to communicate with friends or family and to remain in Ms. Steinberg's presence at all times. Ms. Steinberg then allegedly stayed with and physically monitored the victim at multiple locations over the course of multiple days. Ms. Steinberg allegedly harassed this victim for disobeying the rules, and threatened to stab the victim. Ms. Steinberg later made good on that threat. Although the state criminal charges related to the stabbing were ultimately dismissed, and although Ms. Steinberg contends that she acted in self-defense, she does not dispute that approximately two months after the alleged threat, she did indeed stab the victim. Ms. Steinberg is also alleged to have been running her co-defendant's sex trafficking business at the time of the stabbing, even after the co-defendant had himself already been arrested and placed in custody. Although the Court acknowledges the possibility that some of this conduct may have been attributable to Ms. Steinberg's mental health condition, the risk of future recurrences cannot be adequately mitigated even by inpatient treatment, which appears to span a maximum of 60 days. Given the nature of the alleged offenses, Ms. Steinberg's mental health issues, and the seriousness of the potential danger to the victim and to the community, Ms. Steinberg has not rebutted the presumption in favor of detention. See United States v. Motamedi, 767 F.2d 1403 (9th Cir. 1985).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

## III.
## ORDER

In light of the foregoing, Defendant's Application is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

:

**Initials of Deputy Clerk** ev